UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
:
STRIKE 3 HOLDINGS, LLC,                            :
:    Case No. _____
Plaintiff,       :
:    **COMPLAINT FOR COPYRIGHT**
vs.                       :    **INFRINGEMENT**
:
JOHN DOE subscriber assigned IP address            :
74.108.133.181,                                    :
:
Defendant.       :
------------------------------------------------------------------X

Plaintiff, Strike 3 Holdings, LLC, brings this complaint against John Doe subscriber assigned IP address 74.108.133.181, and alleges as follows:

### Introduction

1. This is a case about the ongoing copyright infringement of Plaintiff's movies by Defendant, currently known only by an IP address.

2. Plaintiff, Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") is the owner of award winning, critically acclaimed adult movies.

3. Strike 3's movies are distributed through the Blacked, Tushy, and Vixen adult websites and DVDs. With more than 20 million unique visitors to its websites each month, the brands are famous for redefining adult content, creating high-end, artistic, and performer-inspiring movies produced with a Hollywood style budget and quality

4. Defendant is a longstanding copyright infringer who uses the BitTorrent protocol to download Strike 3's movies as well as distribute them to others. Defendant did not infringe just one or two of Strike 3's movies, but has been recorded infringing 30 movies over an extended period of time.

5. Although Defendant attempted to infringe Plaintiff's content anonymously, Defendant's Internet Service Provider ("ISP"), Verizon Online LLC ("Verizon Fios"), can identify Defendant through his or her IP address 74.108.133.181.

6. This is a civil action seeking damages under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (jurisdiction over copyright actions).

8. This Court has personal jurisdiction over Defendant because Defendant used an Internet Protocol address ("IP address") traced to a physical address located within this District to commit copyright infringement. Therefore (i) Defendant committed the tortious conduct alleged in this Complaint in this State; and, (ii) Defendant resides in this State and/or; (iii) Defendant has engaged in substantial–and not isolated–business activity in this State.

9. Plaintiff used IP address geolocation technology by Maxmind Inc. ("Maxmind"), an industry leading provider of IP address intelligence and online fraud detection tools, to determine that Defendant's IP address traced to a physical address in this District. Over 5,000 companies, along with United States federal and state law enforcement, use Maxmind's GeoIP data to locate Internet visitors, perform analytics, enforce digital rights, and efficiently route Internet traffic.

10. Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this district because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State. Additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for

copyright cases) because Defendant or Defendant's agent resides or may be found in this District.

## Parties

11. Strike 3 is a Delaware limited liability company located at 2140 S. Dupont Hwy, Camden, DE.

12. Plaintiff currently only knows Defendant by his or her IP address. Defendant's IP address is 74.108.133.181. Defendant's name and address can be provided by Defendant's Internet Service Provider.

## Factual Background

### I. *Plaintiff's Award-Winning Copyrights*

13. Strike 3's subscription based websites proudly boast a paid subscriber base that is one of the highest of any adult sites in the world. Strike 3 also licenses its movies to popular broadcasters and Strike 3's movies are the number one selling adult DVDs in the United States.

14. Strike 3's movies and websites have won awards such as "best cinematography," "best new studio," and "adult site of the year." One of Strike 3's owners, two-time director of the year Greg Lansky, has been dubbed the "porn world's answer to Steven Spielberg."[1]

15. Strike 3's movies have had positive global impact, leading more adult studios to invest in better content, higher pay for performers, and to treat each performer with respect - like an artist.

16. Unfortunately, Strike 3 also has a major problem with Internet piracy. Often appearing among the most infringed popular entertainment content on torrent websites, Strike 3's movies are among the most pirated adult content in the world.

---

[1] Aurora Snow, *Meet the Man Making Porn Great Again*, THE DAILY BEAST (Feb. 17, 2017) http://www.thedailybeast.com/meet-the-man-making-porn-great-again.

3

      II.      *Defendant Used the BitTorrent File Distribution Network to Infringe Plaintiff's Copyrights*

17. BitTorrent is a system designed to quickly distribute large files over the Internet. Instead of downloading a file, such as a movie, from a single source, BitTorrent users are able to connect to the computers of other BitTorrent users in order to simultaneously download and upload pieces of the file from and to other users.

18. To use BitTorrent to download a movie, the user has to obtain a "torrent" file for that movie, from a torrent website. The torrent file contains instructions for identifying the Internet addresses of other BitTorrent users who have the movie, and for downloading the movie from those users. Once a user downloads all of the pieces of that movie from the other BitTorrent users, the movie is automatically reassembled into its original form, ready for playing.

19. BitTorrent's popularity stems from the ability of users to directly interact with each other in order to distribute a large file without creating a heavy load on any individual source computer and/or network. It enables Plaintiff's movies, which are often filmed in state of the art 4kHD, to be transferred quickly and efficiently. And, Bit Torrent is designed so that the more files a user offers for download to others, the faster the user's own downloads become. In this way, each user benefits from illegally distributing other's content and violating copyright laws.

20. Each piece of a BitTorrent file is assigned a unique cryptographic hash value.

21. The cryptographic hash value of the piece ("piece hash") acts as that piece's unique digital fingerprint. Every digital file has one single possible cryptographic hash value correlating to it. The BitTorrent protocol utilizes cryptographic hash values to ensure each piece is properly routed amongst BitTorrent users as they engage in file sharing.

22. The entirety of the digital media file also has a unique cryptographic hash value

4

("file hash"), which acts as a digital fingerprint identifying the digital media file (e.g. a movie). Once infringers complete downloading all pieces which comprise a digital media file, the BitTorrent software uses the file hash to determine that the file is complete and accurate.

23. Defendant used the BitTorrent file network to illegally download and distribute Plaintiff's copyrighted movies.

24. Plaintiff's investigator, IPP International U.G. ("IPP") established a direct TCP/IP connection with the Defendant's IP address 74.108.133.181 at 08/16/2017 05:29:15 UTC while Defendant was using the BitTorrent file distribution network.

25. While Defendant was infringing, IPP downloaded from Defendant one or more pieces of the digital media file containing Strike 3's movie titled Eva Chapter 4 identified by the file hash AB242282CD98844CADDB8BFA91A2B30B607C478D.

26. A full copy of each digital media file was downloaded from the BitTorrent file distribution network, and it was confirmed through independent calculation that the file hash correlating to each file matched the file hash downloaded by Defendant.

27. Defendant downloaded, copied, and distributed a complete copy of Plaintiff's movie Eva Chapter 4 ("Work") without authorization.

28. At no point was Plaintiff's copyrighted content uploaded by IPP to any BitTorrent user.

29. The digital media file has been verified to contain a digital copy of a movie that is identical (or alternatively, strikingly similar or substantially similar) to Plaintiff's corresponding original copyrighted Work.

    III.    *Plaintiff's Movies Are Registered with the United States Copyright Office*

30. Plaintiff owns the copyright to Eva Chapter 4.  It is registered with the United

States Copyright Office and its registration number is PA0002048391.

31.     Plaintiff is entitled to seek statutory damages and attorneys' fees under 17 U.S.C. § 501 of the United States Copyright Act because Plaintiff's copyrighted work was registered within three months of its first date of publication.

   IV.     *Defendant Chronically Infringes Plaintiff's Movies*

32.     Defendant's infringement of Plaintiff's works took place consistently and over an extensive period of time.

33.     Indeed, IPP has recorded Defendant infringing 30 of Plaintiff's movies in the same manner as described above.  Plaintiff has registered these movies with the United States Copyright Office.

34.     Defendant's infringement is continuous and ongoing.  Absent this lawsuit, Plaintiff knows of no way to effectively prevent Defendant from infringing.

## Miscellaneous

35.     All conditions precedent to bringing this action have occurred or been waived.

36.     Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for its services.

## COUNT I
## Direct Copyright Infringement

37.     The allegations contained in paragraphs 1-36 are hereby re-alleged as if fully set forth herein.

38.     Plaintiff is the owner of the Work, which is an original work of authorship.

39.     Defendant copied and distributed the constituent elements of Plaintiff's Work using the BitTorrent protocol.

40.     At no point in time did Plaintiff authorize, permit or consent to Defendant's

distribution of its Work, expressly or otherwise.

    41.    As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

    (A)    Reproduce its Work in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

    (B)    Redistribute copies of the Work to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

    (C)    Perform the copyrighted Work, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Work's images in any sequence and/or by making the sounds accompanying the Work's audible and transmitting said performance of the work, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

    (D)    Display the copyrighted Work, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the work non-sequentially and transmitting said display of the work by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publicly" display).

    42.    Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

    WHEREFORE, Plaintiff respectfully requests that the Court:

    (A)    Permanently enjoin Defendant from continuing to infringe Plaintiff's copyrighted Work;

    (B)    Order that Defendant delete and permanently remove the digital media files relating to Plaintiff's Work from each of the computers under Defendant's possession, custody or control;

    (C)    Order that Defendant delete and permanently remove the infringing copies of the

Work Defendant has on computers under Defendant's possession, custody or control;

      (D)     Award Plaintiff statutory damages per infringed work pursuant to 17 U.S.C. § 504(a) and (c);

      (E)     Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

      (F)     Grant Plaintiff any other and further relief this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

By:   /s/ *Jacqueline M. James*
Jacqueline M. James, Esq. (1845)
The James Law Firm, PLLC
445 Hamilton Avenue
Suite 1102
White Plains, New York 10601
T: 914-358-6423
F: 914-358-6424
E-mail: jjameslaw@optonline.net
*Attorneys for Plaintiff*